ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID THOMAS, JR., | ) | |
| | ) | CASE NO. 1:19CR281 |
| Petitioner, | ) | 1:22CV501 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner David Thomas, Jr.'s Motion and to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 49. The motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Thomas' contention is that his trial counsel was ineffective in the manner in which he prepared for a possible trial and allegedly pressured him into a guilty plea. Thomas' burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Thomas must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not

simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Thomas must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Thomas first contends that his counsel wholly failed to investigate his case and prepare. Thomas' argument is focused upon his belief that his counsel needed to further investigate his prior state law convictions. Thomas contends that if counsel had properly investigated his prior convictions, then he would have been compelled to attempt to collaterally attack them. Thomas, however, fails to identify any basis upon which his prior convictions were subject to attack. Instead, Thomas appears to take issue with the ultimate determination of the subsection of state law under which he was convicted. There is nothing about such a determination that would allow for a collateral attack on his conviction.

Thomas next asserts that his counsel strong-armed him into a guilty plea. However, during his change of plea hearing, Thomas was asked as follows:

> THE COURT: Has anyone tried to force you, coerce you or threaten you in any way to enter this plea?
>
> THE DEFENDANT: No, Your Honor.

Doc. 25 at 16. Thus, the record belies any contention that Thomas was compelled or coerced to plead guilty. Furthermore, the Court notes that Thomas retained different counsel before his sentenced but after his change of plea. New counsel did not raise any issue with the voluntary nature of Thomas' plea, nor did counsel seek to allow Thomas to withdraw his plea. As such, the record is devoid of any evidence to support Thomas' contention that his lawyer "bullied" him into pleading guilty.

In summary, Thomas has failed to identify any deficient performance by counsel. Thomas' motion is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| <u>August 9, 2022</u><br>Date | <u>/s/John R. Adams</u><br>John R. Adams<br>U.S. District Judge |