ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:19CR281 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| DAVID THOMAS, JR., | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant David Thomas Jr.'s *pro se* motion for compassionate release. Doc. 47.  Upon review, the motion is DENIED.

The Sixth Circuit has previously explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to

> consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted).[1]

> The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of their weighing the § 3553(a) sentencing factors. District courts are encouraged to be explicit and particular with their factual reasoning when they consider the § 3553(a) factors.

*United States v. Brown*, No. 1:19-CR-129(2), 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024)(citations and quotations omitted).

Thomas's motion is denied because he has failed to demonstrate that extraordinary and compelling circumstances exist. Thomas's primary argument appears to be that the disparity between guideline ranges for methamphetamine offenses and other drugs warrant a finding of extraordinary and compelling circumstances. However, any disparities in the methamphetamine-related sentencing guidelines cannot fairly be described as an extraordinary and compelling circumstance given that the guidelines apply to all offenders. *See United States v. Flores*, No. 23-5192, 2023 WL 9228124, at *1-2 (6th Cir. Sept. 18, 2023), cert. denied, 144 S. Ct. 866, 218 L. Ed. 2d 55 (2024)(rejecting an argument that the disparity between pure methamphetamine and a

---

[1] The sentencing commission has since clarified that § 1B1.13 is in fact applicable to applications filed by prisoners.

mixture warranted a finding of extraordinary and compelling circumstances); *United States v. Champion*, No. 117CR00046MRWCM5, 2023 WL 5604175, at *4 (W.D.N.C. Aug. 29, 2023) ("Such arguments are not unique to the Defendant and could have been raised at the time of sentencing."); *United States v. Hall*, No. CR 19-00394-01, 2023 WL 3366547, at *3 (W.D. La. May 10, 2023) ("Hall's argument based on the methamphetamine-related sentencing guidelines simply do not present extraordinarily severe exigency; it was foreseeable at the time of sentencing; and it is not unique to Hall.").

Thomas's remaining arguments are focused upon his disagreement with the sentencing guidelines in general. For example, he contends that the Sentencing Commission did not properly enact the career offender guidelines while relying on empirical data. He further argues that this Court had the authority to disagree with the methamphetamine guidelines on a policy basis. Similar to his argument regarding methamphetamine, none of these arguments are individual to Thomas. Moreover, they could have been raised and argued during his sentencing hearing. As such, they are not a proper basis for finding extraordinary and compelling circumstances.

Based upon the above, Thomas's motion for compassionate release is DENIED.

IT IS SO ORDERED.

<u>October 23, 2024</u>  /s/*John R. Adams*
Date  JOHN R. ADAMS
  UNITED STATES DISTRICT JUDGE